|   |   |
|---|---|
| James Nord, et ux., | ) |
|   | ) No. CV-06-1332-PCT-ECV |
| Plaintiffs, | ) |
|   | ) |
| vs. | ) |
|   | ) **CASE MANAGEMENT ORDER** |
| Jason Bertothy dba Independent Trucking company, et al., | ) |
|   | ) |
| Defendants. | ) |
|   | ) |

On the basis of the Case Management Conference and the Case Management Report, **IT IS HEREBY ORDERED:**

1. <u>Deadline for Initial Disclosures</u>.  Initial disclosure required by Federal Rule of Civil Procedure 26(a), if not already exchanged, shall be exchanged no later than  **August 30, 2006**      .  The parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

2. <u>Deadline for Joining Parties and Amending Pleadings</u>.  The deadline for joining parties and amending pleadings is 90 days from the date of this Order.  Motions to join parties or for leave to amend pleadings shall be filed within 30 days of this Order so they can be heard and decided prior to the deadline.

3. <u>Discovery Limitations</u>.  Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure.  Each side is limited to eight non-party fact-witness depositions and forty (40) single-part interrogatories.  Each side

may also propound up to 40 requests for production of documents, including subparts, and up to 40 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

4. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery shall be **April 1, 2007**. To ensure compliance with this deadline, the following rules shall apply:

    a. Depositions: All depositions shall be scheduled to commence at least five working days prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

    b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the discovery deadline.

    c. Notwithstanding LRCiv 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

5. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.[1]

---

[1] Any testifying expert witness (regardless of whether such expert witness has or has not been specifically retained for this case or is an employee of the calling party) shall provide a written report to the adverse party as required by Rule 26(a)(2)(B). *See, Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.*, 177 F.R.D. 459 (D. Minn. 1998). No expert witness not timely disclosed will be permitted to testify unless the party offering such witness demonstrates: (a) that the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) that such expert witness was promptly proffered for deposition. *See, Wong v. Regents of the University of California*, __ F.3d __ (9th Cir., August 18, 2004); Rule 37(c)(1), Federal Rules of Civil Procedure.

      a.    Plaintiffs and Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **February 1, 2007**.

      b.    Expert depositions shall be completed no later than **March 15, 2007**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

    6.    <u>Discovery Disputes</u>.

      a.    The parties shall not file written discovery motions without leave of Court.[2] If a discovery dispute arises, the parties promptly shall contact the Court to request a telephonic conference concerning the disputes. The Court will seek to resolve the dispute during the telephonic conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference.

      b.    Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). Any briefing ordered by the Court shall also comply with LRCiv 7.2(j).

      c.    Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

    7.    <u>Deadline for Filing Dispositive Motions</u>.

      a.    Dispositive motions shall be filed no later than **April 28, 2007**. Such motions must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

---

[2]The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered "correspondence" with attachments.

1          b.    No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint telephone call, from the Court.

        c.    Failure to respond to a motion within the time periods provided in LRCiv 7.2 will be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily pursuant to LRCiv 7.2(i).

        d.    Pursuant to LRCiv 7.2(f), a party requesting an oral argument on any motion shall place the words "Oral Argument Requested" immediately below the title of the motion or the response to the motion . If the Court determines that an oral argument is appropriate, a Minute Entry Order scheduling oral argument will be issued.

    8.    <u>Deadline for Engaging in Good Faith Settlement Talks</u>. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **December 31, 2006**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint Report on Settlement Talks executed by or on behalf of all counsel. The Report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

    9.    <u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

    IT IS FURTHER ORDERED vacating Rule 16 Scheduling Conference set for August 16, 2006 at 10:00 a.m.

    DATED this 14th day of August, 2006.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge

- 4 -